Patrick Q. Hall, Ca. Bar No. 97019
Law Offices of Patrick Q. Hall
402 West Broadway, Suite 1560
San Diego, California 92101
Telephone: (619) 268-4040
Fax: (619) 268-4041
pat@pqhlaw.com

Attorney for Defendant
CHENG LI

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(Hon. Todd W. Robinson)

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 25-CR-2208-TWR |
| Plaintiff, | **NOTICE AND MOTION FOR DISCOVERY** |
| vs. | Date: December 5, 2025 |
| CHENG LI, | Time: 1:30 p.m. |
| Defendant. | |

**TO: ADAM GORDON, UNITED STATES ATTORNEY, AND KEVIN MOHKTARI and SIDDHARTH DADHICH, ASSISTANT UNITED STATES ATTORNEYS**

COMES NOW Defendant CHENG LI, by and through his attorney, Patrick Q. Hall, and respectfully moves the Court pursuant to Title 18 of the United States Code, Rules 12, 16, and 57 of the Federal Rules of Criminal Procedure, and the Fourth, Fifth and Sixth Amendments to the United States Constitution, for discovery and production of the following items:

1

1. Any material information or tangible objects within the possession and control of the Government, or which might become known to the Government through the exercise of due diligence, which tends to exculpate Mr. LI, aid in the preparation of his defense, or is relevant to the issue of punishment.

2. A witness list, including, but not limited to, the following:

   (a) All witnesses the Government intends to call in its case-in-chief;

   (b) All percipient witnesses to the offenses and conduct described in the indictment, who the Government does not intend to call in its case-in-chief, particularly the names of any witness to the alleged conspiracy.

3. A list of all Government experts who will testify in the Government's case-in-chief, or who have examined evidence, prepared reports, or made statements in connection with the instant case. It is specifically requested that this item of discovery include, but not be limited to, the following:

   (a) Names, telephone numbers, and present whereabouts of experts;

   (b) All forensic accounting analysis reports, notes, and reports of conclusions for any alleged financial transactions referenced in the indictment;

   (c) All reports or summaries of any proposed expert testimony regarding telemarketing or otherwise fraudulent organizations and/or the utilization of certain code words;

   (e) All reports or summaries of any proposed expert testimony regarding the inspection of any cell phones, seized from Mr. LI at the time of his arrest;

   (f) Transcripts of prior testimony by the experts on the same topic, and

   (g) The experts' curriculum vitae.

4. A description of any alleged prior or subsequent "bad acts" of Mr. LI, which the Government intends to introduce as evidence in its case-in-chief, or any impeachment evidence in its rebuttal case. By "bad acts", Mr. LI is specifically referring to any prior convictions, alleged prior or subsequent misconduct for which Mr. LI was not prosecuted;

for which charges were dismissed; for which Mr. LI was investigated, but no decisions were reached as to whether to prosecute; or for which no prosecution has yet been initiated. This item includes "bad acts" within the direct knowledge of the Government's witnesses, or in the possession of law enforcement agencies, both federal or in the State of California. By "description", Mr. LI requests:

      (a) A detailed description of the nature and circumstances of each bad act;

      (b) the date and approximate time of each bad act;

      (c) the locations where each bad act was allegedly committed, and;

      (d) the names and present whereabouts of all witnesses to each bad act.

    5. All statements of Mr. LI, specifically including but not limited to all audio or video digital recordings of any contacts between him and any government agent, whether written, recorded or orally provided, or copies thereof, within the possession, knowledge, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the Government.

    6. All oral statements which the Government intends to offer in evidence at the trial in its case-in-chief made by Mr. LI, whether before or after his arrest by Florida law enforcement in response to interrogation by any person known by Mr. LI to be a Government agent.

    7. Any and all consideration or promises of consideration given to or on behalf of witnesses or expected or hoped for by witnesses in the instant case. By "consideration," Mr. LI refers to absolutely anything, whether bargained for or not, which arguably could be of value or use to the witness or persons of concern to the witness, including, but not limited to, formal or informal, direct or indirect, leniency, favorable treatment or recommendations; or other assistance with respect to any pending or potential proceeding, including parole, probation, pardon, clemency, civil, Tax Court, Court of Claims, administrative or other dispute with the United States of America, or with any authority or with any other party; criminal, civil or tax immunity grants; relief from forfeitures;

payments of money; percentages of monies or properties forfeited to the Government; rewards; fees; special witness fees; provisions of food, clothing, shelter, transportation, legal services or other benefits; placement in a "witness protection program," or anything else which arguably could reveal an interest, motive or bias of the witness in favor of the Government, or against the defense or act as an inducement to testify or to color testimony. In addition to the request of consideration, Mr. LI requests that any and all threats, express or implied, direct or indirect, or other coercion made or directed against any witness, including criminal prosecution, investigations or potential prosecutions pending or which could be brought against the witness, be revealed.  This item specifically includes written plea agreements or proffer agreements with any Government witness/informant.

      8. All information known to the Government relating to psychiatric treatment of any Government witness, including the name of the hospital or other in-patient facility, the date of admission, the date of release, all medications used, or the name of any out-patient psychiatric clinic or other service facility used by any Government witness;

      9. A description of any alleged prior or subsequent "bad acts" of any potential Government witness, which the Government knows about, but is not prosecuting, including a detailed description of the act, the date, time and place of the act, and the name, addresses and phone numbers of all witnesses who claim to have witnessed the "bad act."

      10. Any statements made by any potential Government witness, regarding his or her motive for making false statements regarding Mr. LI, including statements relating to revenge, jealousy, money or hatred.

      11. Any evidence reflecting any potential Government witness' bad memory.

      12. A description and record of prior criminal convictions of all Government employees who may be witness, subsequent criminal convictions, and a description of any other evidence or incident, whether or not referenced in an internal personnel file, which could be used to impeach the credibility of the Government witnesses whom the prosecuting attorney intends to call as witnesses at the instant trial.

13. Any record of prior criminal arrest of any Government witnesses, and specifically the "rap sheet" of any witness whom the prosecuting attorney intends to call as a witness at the hearing or trial.

14. A description of all other investigations in which the Government witnesses, have participated and received consideration as described in Item Seven of the motion. This item specifically includes other cases in which the witnesses have worked, provided information, and received monetary payments or promises to receive future payments. By "description," Mr. LI means disclosure of the nature of the investigation, targets of the investigation, a detailed description of the participation of the witnesses, whether the investigation resulted in a prosecution, and if so, the names of the individuals prosecuted, case number and outcome of the prosecution.

15. The existence and identification of each occasion on which any witness, has testified before any court, grand jury, or other tribunal or body or otherwise officially narrated in relation to the defendant, the investigation, or the facts of the case, as well as copies of any transcripts of such testimony.

16. Internal Government memoranda regarding the cooperation of any Government witness/informant.

17. All Government witness statements contained in written reports, typed or handwritten, summarized by the Government agents in their reports or the substance of oral statements, including any reports of witness statements.

18. Access to any and all tangible documents, photographs, charts, summaries or other items which the Government may seek to introduce at trial in this case or which were taken from Mr. LI at the time of his arrest by Florida law enforcement.  This item specifically includes any data downloaded from any cell phones seized from Mr. LI at the time of his arrest and access to all bank records relating to any transactions referenced in the indictment.

19. Copies of any applications, supporting affidavits, exhibits, orders thereon, for any and all electronic surveillance conducted pursuant to Title III of the Omnibus Crime Control Act of 1968 and which was relied upon or otherwise presented to the Grand Jury returning the instant indictment.

20. Copies of any applications, supporting affidavits, exhibits, orders thereon, relating to Pen Registers, phone traps, or Global Positioning Systems monitoring which was relied upon or otherwise presented to the Grand Jury returning the instant indictment.

This motion is made on the grounds more particularly set forth in the accompanying memorandum of points and authorities. These grounds can be summarized as including materials which can be utilized to impeach witnesses, and discovery which must be produced pursuant to Federal Rules of Criminal Procedure. All of these materials are essential to the proper preparation of a defense in the instant matter. Additionally, Mr. LI respectfully requests that any order relating to discovery be made a continuing order such that in the event the Government discovers additional material during the course of the instant proceedings, the Government is obliged to disclose said materials immediately to defense counsel.

These motions are based on the instant Motion, Notice, Memorandum of Points and Authorities, the records and files in the instant case, and any and all other matters which may be presented to the Court prior to or at the time of the hearing of said motion.

Respectfully submitted,

Dated: November 20, 2025         s/Patrick Q. Hall
                                 PATRICK Q. HALL
                                 Attorney for Defendant
                                 CHENG LI